UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR ANTONIO OVALLE CORTORREAL,

Petitioner,

v.

TONYA ANDREWS, Warden of the Golden State Annex Detention Facility, et al.,

Respondents.

Case No. 1:26-cv-06635-JLT-HBK (HC)

ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS

(A-096-465-466)

(Doc. 1)

Before the Court is pro se Petitioner Victor Antonio Ovalle Cortorreal's writ of habeas corpus under 28 U.S.C. § 2241 docketed on August 20, 2026. (Doc. 1, "Petition"). Petitioner is an immigration detainee challenging his detention in custody of U.S. Immigration and Customs Enforcement (ICE) at the Golden State Detention Facility in McFarland, California. As relief, the Petition seeks, *inter alia*, immediate release from custody. (*Id*. at 3).

The Court has conducted a preliminary review of the petition. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4,[1] the Court must dismiss a habeas petition if it plainly

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

appears that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). It does not plainly appear from the face of the Petition that Petitioner is not entitled to relief. 28 U.S.C. § 2243.

Accordingly, it is hereby **ORDERED:**

**1.** Within twenty-one (21) days after entry of this Order, Respondents shall respond to the Petition and show cause why the requested relief should not be granted.

2. Respondent shall electronically file, **in their entirety**, all documents necessary to resolve the issues presented, including all relevant portions of Petitioner's A-file and, if provided to Petitioner: (a) Form I-213, Record of Deportable/Inadmissible Alien, (b) Form I-862, Notice to Appear; (c) Form I-220A, Order of Release on Recognizance; (d) Form I-286, Notice of Custody Determination; (e) any document authorizing parole; and (f) any and all available records documenting and/or detailing the nature of any alleged violations of supervised release as to Petitioner.

**3. Respondents SHALL address the specific statutory authority for Petitioner's detention, and the status of his removal proceedings.**

4. If Respondents file an answer, Petitioner may file a reply within seven (7) days after service of the answer. If no reply is filed within thirty (30) days, the Petition and answer will be deemed submitted. The Court will not consider new grounds raised in the reply. *See United States v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

5. If Respondents move to dismiss, Petitioner shall file an opposition or statement of non-opposition within seven (7) days after service of the motion. Respondents may file a reply within five (5) days after service of any opposition.

6. The Clerk of Court is directed to mail a copy of this order to pro se Petitioner.

7. All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.

8. Extensions of time will be granted only upon a showing of good cause.

Dated: August 28, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE